Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

FILED
CHARLOTTE, NC
DEC 13 2019
US DISTRICT COURT
WESTERN DISTRICT OF NC

# UNITED STATES DISTRICT COURT

for the

Western District of North Carolina

Charlotte Division

|  |  |
|---|---|
| MARJORIE MCLENNON | ) Case No. 3:19 CV 686 - MOC |
| *Plaintiff(s)* | ) *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) ) ) Jury Trial: *(check one)* ☐ Yes ☐ No ) |
| **-v-** | ) ) ) |
| TIAA | ) ) |
| *Defendant(s)* | ) |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) ) ) ) |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.     The Parties to This Complaint

#### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Marjorie McLennon |
| Street Address | 10208 Katelyn Drive |
| City and County | Charlotte |
| State and Zip Code | NC 28269 |
| Telephone Number | 704-717-2892 |
| E-mail Address | Janyear29@gmail.com |

#### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | TIAA |
| Job or Title *(if known)* | |
| Street Address | 8500 ANDREW CARNEGIE BLVD |
| City and County | CHARLOTTE |
| State and Zip Code | NC 28268 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | ms. Cynthia Velarquez |
| Job or Title *(if known)* | Manager |
| Street Address | 8625 Andrew Carnegie Blvd |
| City and County | Charlotte |
| State and Zip Code | NC 28268 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | mr & ms. Octario Frias |
| Job or Title *(if known)* | |
| Street Address | 8625 Andrew Carnegie Blvd |
| City and County | Charlotte |
| State and Zip Code | NC 28268 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | mR. Curtias Spinks |
| Job or Title *(if known)* | Senior Director |
| Street Address | 8625 Andrew Carnegie Blvd |
| City and County | Charlotte |
| State and Zip Code | NC 28268 |
| Telephone Number | |
| E-mail Address *(if known)* | |

**C.**    **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

Name _____

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

**II.**    **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒       Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐       Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐       Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐       Other federal law *(specify the federal law)*:

_____

☐       Relevant state law *(specify, if known)*:

_____

☐       Relevant city or county law *(specify, if known)*:

_____

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*: _____

   *(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

2/25/17- 12.18/17- Currently

C.   I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☒ disability or perceived disability *(specify disability)*

   Son's Autism & harassment-continued retribution

E.   The facts of my case are as follows. Attach additional pages if needed.

Marjorie McLennon, the Plaintiff, and Pro Se, and her family are currently been subjected to accelerated continual harsh and threating retaliation daily by TIAA after she was wrongfully terminated on December 20th, 2017 for speaking up against the mockery of her son autism behavior and TIAA abusive leaders.

As penalization and pressurization, Ms. McLennon, the Plaintiff, Pro Se and her family, including her children has been subjected to dangerous retaliatory acts by TIAA that has caused destruction, interruptions, interferences, antagonization, terrorization, and torment in the Plaintiff's and her family everyday lives, including her two children, affecting their welfare and wellbeing.

And continuous invasion, breaching, violation, monitoring, tracking, and collecting of the Plaintiff, Ms. McLennon and her family's most private, intimate and vulnerable moments, along with their medical and financial information which were disseminated to employees at TIAA to harass the Plaintiff, and in their ongoing threating retaliation against the Plaintiff TIAA is disseminating the Plaintiff and her family's private interactions and medical and financial information externally to individuals, agencies, and entities, affiliated with the Plaintiff and her family, and fabricating maligning information that have a negative impact on the Plaintiff and her family.

6.8.18, 8.8.19, 8.21.19, among many other dates. In their pressurization and penalization TIAA provides serious, threating, malicious, fabricated, detrimental, and disturbing information to individuals, agencies, and entities, that is affiliated with the Plaintiff and her family, specifically her son, because TIAA knows the importance these agencies have and the roles they have in her son's full life due to his disability, autism. The information TIAA provides to these agencies is deliberately maligning, sabotaging, and jeopardizing the Plaintiff's and her family's reputation, character, to cause destruction, discredit, and reduce the Plaintiff family and negatively impact their welfare, wellbeing. Most disturbingly the plaintiff's children's reputation, character, welfare, and their physical and emotional wellbeing, has been threatened by TIAA and is affecting their current and future mental state.

The Plaintiff's, Ms. McLennon son's school is also one of those agencies who TIAA have used to Participate in the harassment against the Plaintiff, exploiting and exposing her son without any regard for his rights, respect, and dignity.

TIAA using the Plaintiff's both previous and current support staff that worked with him to harass her in her home in the midst of them providing assistance to the Plaintiff's son.

9.5.19 - The Plaintiff had to withdraw her disabled son from his high school because TIAA retaliation has involved her son and it has affected him immensely. which affected the plaintiff's social, academic, & developmental skills.

3.1. 19- this is one of the numerous times, the plaintiff, Ms. Marjorie McLennon's son came home with a collage that depicts a harassing message to her.

3. 21, 2019, The Plaintiff will be harassed by a couple of the school administrative staff when she waited with him in the office for a teacher or teacher's assistance to accompany him to his class when she took him to school

5.29.2019- the same two office staff who frequently harassed the Plaintiff, when she took her son to school began recounting a specific phone conversation that the Plaintiff, Ms. McLennon had on the phone with a family member, the previous day.

3.6.19-The Plaintiff, Marjorie McLennon sent an E-mail to school because due to her son's school participating in the TIAA retaliation her son crying and screaming and was unwilling to go to school for the school year August, 2018 to June 2019, and the beginning of the August, 2019 school year.

**Monetary Retribution (documentation can be provided)**

In December 2018, I discovered that $31,528.03 was decreased from the Plaintiff's Marjorie McLennon's TIAA Retirement Account, mostly in equities. It seems that these funds were used as a further retribution, and possibly to finance TIAA efforts in their retaliation against the Plaintiff. The deductions occurred from September 2018 to December 2018 respectively, in the amounts of -$5,498.95, -$5,292.30, -$3,229.50, -$3,360.48, -$4,113.70, -$2,410.81 and -$2,441.91, -$5,180.38. (see documentation) The Plaintiff's, Marjorie McLennon called TIAA December 2018 to January 2019 inquiring about the $31,528.03 deductions. TIAA told the Plaintiff that the deductions occurred because of the stock market. However, the Plaintiff found TIAA response to her inquiry questionable due to the commonality in the series of amounts that were deducted from her account from September 2018 to December 2018. Also, because August 15, 2018, a month before the deductions began in September 2018. The Plaintiff, Marjorie McLennon received notification in the mail that she was assigned a new wealth manager, and subsequently, thereafter, the following month September 2018, that's when the deductions began occurring from her TIAA Retirement Account.

12/13/2019

Additional documentation, EEOC charge, E-Mails and Comments

**Additional Statement and Claim- Plaintiff Marjorie McLennon Vs. Defendant TIAA**

The Retaliation against the Plaintiff, Ms. Marjorie McLennon, Pro se and her family is twofold:

By TIAA, the company on a whole, who is treating the Plaintiff, Ms. Marjorie McLennon as a Whistle Blower.

And by the above and beyond **questionable,** unhealthy, predatory fixation and obsession by the four TIAA employees, Managers Ms. Cynthia Velazquez, and Ms. Amalia Frias, and her husband co-worker Mr. Octavio Frias who orchestrated the harassment, retaliation, and managerial coalition against the Plaintiff, Ms. Marjorie McLennon, Pro Se, and whose care was keyed in TIAA garage on November 30th, 2017 after she initially spoke up about the Harassment to HR.

Then subsequently in their extended retaliation and harassment Managers Ms. Cynthia Velazquez, and Ms. Amalia Frias, and her husband co-worker Mr. Octavio Frias breached and violated the Plaintiff's personal privacy, piggybacking from one of their friends, a TIAA manager (now former manager who got laid off) who did the same, and breached one of her staff's personal privacy using it to harass her, did the same to Ms. McLennon, the Plaintiff.

And Senior Director Mr. Curtiss Spinks who is an accomplice in breaching the Plaintiff's personal privacy because after he found out that Manager Ms. Cynthia Velazquez and Ms. Amalia Frias and her husband co-worker, Mr. Octavio Frias breached and violated the Plaintiff's Ms. McLennon's privacy he enabled and allowed them to continue to do so and participated in the harassment and retaliation against Ms. Mclennon, the Plaintiff. And to absolve themselves, they transferred their wrong behaviors on the Plaintiff, to TIAA, the company who gives its leaders the upper hand and consequently the Plaintiff, Ms. Marjorie McLennon is been treated by TIAA as a Whistle Blower.

TIAA is also continuing to use the Plaintiff's Ms. Mclennon personal private activities that they collect from invading, breaching, and violating her personal privacy to:
1. harass and retaliate against her,
2. prevent and cover up whatever proactive and corrective measures they know the Plaintiff is pursuing
3. and passing their wrongful conduct on the Plaintiff.
4. have someone waiting at the Plaintiff's intended destination to harass her when she arrives.

6.29.19- two gentleman awaited the Plaintiff's at her neighborhood Pizza Hut store when she went to pick up pizza and they mocked a specific non nonverbal gesture that the Plaintiff autism recently acquired.

7.25.19 as soon as the Plaintiff dropped her daughter off at a store, a young lady stood outside and mocked the same nonverbal gesture autism behavior that the Plaintiff's son does as the Plaintiff and her son remained in the car.

8.16. 19, 10.1.9, 10.8. 19 & 10.25. 19, these are some of the dates that surveillance, troll, tailgated and took individual pictures of the Plaintiff's son triggering his autism while he's out in the community.

10.29.18 & 11.1. 18 TIAA trolled and harassed the Plaintiff to the Social Security Office & DSS Office when the Plaintiff, Ms. Marjorie McLennon was trying to get her son's Medicaid insurance restored, as her son needed a critical medication for his health, as he is an organ transplant recipient.

11.23.18, 11.29.18 1.26.19, 4.7.19, 5.31.19, 8.12.19, 8.15.19 among other dates: TIAA have surveillance vehicles, such as, 4x4, vehicles, Tundra, and Rams trucks, sometimes individuals vehicles stationed outside of the Plaintiff's home, alongside the street outside of her community, or in the path of the Plaintiff's and her family's intended directions. These vehicles and investigators constantly, tailgating and attempting to rear end the Plaintiff and swerving into the Plaintiff vehicle from the opposite directions on dangerous roads when she's driving, such as Eastfield Road, Popular Tent, and Davidson Parkway which are narrow, windy, hilly and mountainous, mostly on mornings when the Plaintiff when the Plaintiff took her son to school.

March 2019- TIA have an investigator trolling and taking pictures of the Plaintiffs daughter on her University Campus, extenuating the Plaintiff's daughter's mental anguish, compounded with the volatile climate that's going on in our society and on school campuses.

10.24.19- having two females harass the Plaintiff when she took her son to the Dentist and waited for him to complete his dental appointment.

Also, while working at TIAA, the Plaintiff's desk drawer would be accessed several times and her pocket book disturbed. The Plaintiff, Marjorie McLennon reported this to TIAA Corporate Security several times.

Please see dates below:

On Monday, 27th, 2017 when the Plaintiff, Ms. McLennon arrived to work and she opened her desk drawer, an empty tissue box was placed in the upper top section of my desk drawer. Her son had severe allergies that weekend at home.

**July 19th, 2017, My desk drawer was accessed and my personal cell phone removed from my pocket book and compromised while I attended an impromptu meeting.**

October 20th, 2017, again they accessed my desk drawer after the Plaintiff stepped away and went for a reprieve.

6.23.17- Uncomplimentary Fortune Cookie Notes left in the Plaintiff's, Marjorie McLennon cupholder when she access her vehicle parked in TIAA's garage leaving work.

10.3.18 when the Plaintiff left the gym and accessed her vehicle, two fortune cookie notes with uncomplimentary messages along with a bottle of water (a brand that the Plaintiff did not drink) was left in her vehicle.

12.3.19 – Someone accessed the Plaintiff's vehicle and left three drinking straws on the drivers' seat while she was at the gym. The Plaintiff wanted was looking in her home for some drinking straws to give her son that morning.

April 24th, 2018-June 27, 2018, the Plaintiff was harassed by a few of the students and two of the Professors in PMI classes at CPCC that she enrolled in. There were also investigators placed in the

Also, the week of May 7th, 2018- The Plaintiff was harassed by a couple students in a Property Management class, where one of the students on a break murmured to the Plaintiff, in the break room "who are you to go up against an organization."

On October 22nd, 2018, the Plaintiff's was trolled and harassed at the NCC Career Center as she waited to speak to a Talent Specialist.

11.6.18-Trolling and harassing the Plaintiff at her annual Mammogram appointment

1.19. 19 & 3.4.19 - Trolling and harassing the her annual GYN/OB appointment and a procedure.

4.28.19- The Plaintiff made an emergency visit to Florida to visit her mother-in-law who was critically ill in the hospital and when she arrived one of the health professional harassed the Plaintiff by revealing a personal recent family financial decision that the Plaintiff made.

10.1.19, providing the Plaintiffs most intimate personal activities, and medical and financial information to places of service that the Plaintiff and her family frequent.

And telling the Plaintiff neighborhood stores, and department stores that the Plaintiff frequent that the Plaintiff is a thief, causing public shame.

Manager Ms. Cynthia Velazquez and Ms. Amalia Frias, and her husband co-worker Mr. Octavio Frias fabricating when the Plaintiff worked at TIAA and externally after the Plaintiff was wrongfully terminated that the Plaintiff is an alcoholics and that the Plaintiff's husband abuse opioids, also have the students in the PMI class that the Plaintiff took in April, 2018 to June 2018 harassing the Plaintiff with this malicious fabricated information.

Trolling and harassing the Plaintiff and her daughter at hairdressers from October 2016 to currently and having the staff at the hairdressers harass both the Plaintiff and her daughter and taking pictures of them.

Some of these dates are below:

6.23.19- having one hairdresser ask the Plaintiff's under aged daughter if she wanted some alcohol.

9.10.18 an Attempted break in at the Plaintiff's home.

10.17.18 Both back tires of Plaintiff's vehicle lost air.

11.2.19- a gentleman came in the store sat in front of the Plaintiff and began harassing the Plaintiff with her own with personal information while she got her hair finished.

On April 22nd, 2016 Ms. Frias who sat beside the Plaintiff at TIAA ridiculed her son by exclaiming 'oh he's so old, and still a baby watching "Dora," and implied that the Plaintiff should fix her hair like Dora. The cartoon "Dora" is one the Plaintiff's son's favorite cartoon that he watches. She was mocking and ridiculing the Plaintiff's son cognitive level, and his autism.

4.22.16, Manager Ms. Frias would imitate the Plaintiff's Ms. McLennon's cadence, and tone, accent when she completes phone inquiries.

In addition,

On two different occasions had two TIAA associates approached the Plaintiff when each of them saw her outside the community, and one told the Plaintiff that "TIAA maybe TIAA wants the Plaintiff to give up on herself." & the other told the Plaintiff that "it's her Karma because she spoke up about TIAA and TIAA abuse of Power, also the Plaintiff was been revengeful because she spoke up."

While the Plaintiff worked at TIAA conversations that the Plaintiff, Ms. Marjorie McLennon had inside and beside her vehicle would be repeated by Managers Ms. Cynthia Velazquez, and Ms. Amalia Frias and co-worker Mr. Octavio Frias. Also fortune cookie notes with uncomplimentary messages would be placed in the Plaintiff's vehicle cup holders when she accessed her car in TIAA garage to go home. These two methods of harassment and retaliation continued after the Plaintiff was wrongfully terminated by TIAA on

December 201th, 2017.     When the Plaintiff is away for a period of time , for example, doctor's appointments, gym, and supermarket, when the Plaintiff returned and accessed her vehicle there would be Fortune Cookie notes with uncomplimentary messages left in her cup holders in the middle between the drivers and passenger's seat.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

6.20.18

B.      The Equal Employment Opportunity Commission *(check one)*:

☐      has not issued a Notice of Right to Sue letter.

☒      issued a Notice of Right to Sue letter, which I received on *(date)*    9/10/2019    .

     *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

     Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐      60 days or more have elapsed.

☐      less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

For wrongful termination and retalitiory damages and descrution that TIAA reribution has caused the Plaintiff, Ms. Marjorie McLennon and her family, most importantly, and unfortunately her two children who had nothing to do with TIAA expect that the Plaintiff, their mother worked there. The Plaintiff is seeking damages in:

$4000.000.00

$1 500.000.00 To be place in a trust
$1 000.000.00 To be place in a trust
$1 500.000.00 For the plaintiff + her spous
$400.000.00

The trust is for the Plaintiff's son + daughter.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/13/19

Signature of Plaintiff _Marjorie McLennon_

Printed Name of Plaintiff _Marjorie McLennon_

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____

Case 3:19-cv-00686-MOC-DSC    Document 1    Filed 12/13/19    Page 13 of 19

EEOC Form 161 (11/16) Hand-Delivered **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

FILED
CHARLOTTE, NC

| To: | Marjorie McLennon<br>10208 Katelyn Drive<br>Charlotte, NC 28269 | From: | Charlotte District Office<br>129 W. Trade Street<br>Suite 400<br>Charlotte, NC 28202 | DEC 13 2019<br>US DISTRICT COURT<br>WESTERN DISTRICT OF NC |

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2018-02315 | Farkhunda S. Akhtar,<br>Investigator | (704) 954-6454 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

|     |     |
|-----|-----|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Thomas M. Colclough,_
**Thomas M. Colclough,**
**Acting Director**

9-10-2019

Enclosures(s)

(Date Mailed)

cc: **Brandon M. Shelton**
**Ogletree Deakins**
**201 S. College St.**
**Suite 2300**
**Charlotte, NC 28244**

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
➤ **Only one** major life activity need be substantially limited.
➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**
➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

 Gmail       **Marjorie Mclennon <janyear29@gmail.com>**

▓▓▓▓▓▓▓▓▓▓

4 messages

---

**Marjorie Mclennon <janyear29@gmail.com>**      Wed, Mar 6, 2019 at 9:46 AM
To: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Good Morning Ms. Mcdowell,
For the past few months It's been challenging getting ▓▓▓▓ to go to School, I know I mention it to you sometime last week to see if anything have changed, you stated no, except that he has changed class rooms, but all is well.

Prior to this, in the middle of last year, 2018, he would want to use the bathroom about four or five times before boarding the bus, and then subsequently he did not want to get on the bus to school.

Currently, he does not want to go to school, even with me explaining that I will reward him and give him a reward.

Kelly, I have attached you to the e-mail as this was one of the behviour/goals we discussed in our meeting last Monday. This morning was very challenging and even with me giving him the technical device he did not want to go. We could touch base sometimes this afternoon or at your convenience to discuss.

Ms. Mcdowell, also can you please inform me who gave ▓▓▓▓ the Artwork, "Inchworm in a Tree" to bring home on Friday, March 1st.

Thanks,
Mom

---

M▓▓▓▓ell, S▓▓▓▓ ▓▓▓▓1-mcdowell@▓▓▓▓12▓▓▓▓>      Wed, Mar 6, 2019 at 2:00 PM
To: Marjorie Mclennon <janyear29@gmail.com>

Good Afternoon,
As stated in the previous email, I am the one who sent it home with ▓▓▓▓. I will not send home things in the future, I was unaware that he was not to have his artwork given to him. As far as him at school, he has been fine so I do not understand why he is resisting coming. He comes in and follows his schedule, earning computer twice a day and does fine. I am unable to speak today but will gladly speak with you tomorrow during my planning at 9:00 am, either in person or over the phone. Please let me know what you would like to do.

Thanks!



---

**From:** Marjorie Mclennon <janyear29@gmail.com>
**Sent:** Wednesday, March 6, 2019 9:46:04 AM
**To:** ▓▓▓▓, Sh▓▓▓▓ kmon▓▓▓@deltahch▓▓▓▓m
**Subject:** Re:▓▓▓▓

**CAUTION: This email originated from outside the CMS organization. Do not click links, give sensitive information, or open attachments unless verified. Forward all suspicious email to spam@cms.k12.nc.us.**

Case 3:19-cv-00686-MOC-DSC    Document 1    Filed 12/13/19    Page 17 of 19

[Quoted text hidden]

---

**Marjorie Mclennon** <janyear29@gmail.com>                  Wed, Mar 6, 2019 at 4:27 PM
To: ~~"Mcdowell, Shayne" <shayne1.mcdowell@~~~~~~~~~~~~~~~~

Hi Ms. Mcdowell,
Tomorrow at 9:00 a.m is ok to speak.

Thank you
[Quoted text hidden]

---

~~Mcdowell, Shayne <shayne1.mcdowell@~~~~~~~~~~~~~~~~~             Thu, Mar 7, 2019 at 6:21 AM
To: Marjorie Mclennon <janyear29@gmail.com>

Okay...what is the best phone number to reach you?

~~Shayna Mc~~~~~~~~~~
~~~~~~~~~~~~~~~
~~Mill~~~~~~~~~~ High School
~~~~~~~~~~~~~~

---

**From:** Marjorie Mclennon <janyear29@gmail.com>
**Sent:** Wednesday, March 6, 2019 4:27:36 PM
**To:** M~~~~~~~~~~~~~~~~a
**Subject:** R~~~~~~~~~~~~~

[Quoted text hidden]

[Quoted text hidden]

---

**Marjorie Mclennon** <janyear29@gmail.com>        Thu, Dec 13, 2018 at 8:36 AM
To: ██████████████████████

Good Morning Ms. Char,

As of now, no gifts please. And please hold any crafts Randall will bring home from school. I will pick them up myself, if needed.
Only notification about curriculum and permission slips.
I'm a subject of an ongoing harassment/retaliation and my family have also been targeted including Randall.
I notified the Assistant Principal the beginning of the year of this harassment. Due to this hostile harassment/retaliation and in addition to the climate that we now living in, my goal of course is to protect Randall at all cost, especially due to his challenged mental state.

It is truly upsetting that I have to make this decision, but one that I have to make due to certain circumstances.

I thank you for all your support and understanding. You may forward this e-mail to the Assistant Principal or provide me with her e-mail and I will forward.

Thank You and have a great day.

[Quoted text hidden]

---

**Marjorie Mclennon** <janyear29@gmail.com>        Thu, Dec 13, 2018 at 8:37 AM
To: ██████████████████████████████████████████

P.S. I will send the permission slip tomorrow
[Quoted text hidden]

---

**Marjorie Mclennon** <janyear29@gmail.com>        Thu, Dec 13, 2018 at 8:37 AM
To: Everad Pinnock <uvmag49@gmail.com>

[Quoted text hidden]

---

**B**████████ ██████████████████████        Thu, Dec 13, 2018 at 8:47 AM
To: Marjorie Mclennon <janyear29@gmail.com>

I'm so sorry you have to experience such behavior and I hope that things work out. I will forward the email to our Assistant Principal and we will refrain from sending anything home until further notice. Thank you for letting me know. I totally understand, as a parent you have to make the best decision for your child.

Thank you and have a happy holiday season!

~~Char Brown~~
~~████████████████~~t
~~█████████████████~~l
~~██████████████~~
~~████████~~31
~~███████~~
~~9████████~~fax
Charlotte Mecklenburg Schools
"A good teacher can inspire hope, ignite the imagination, and instill a love of learning" -Brad Henry

---

From: Marjorie Mclennon <janyear29@gmail.com>
Sent: Thursday, December 13, 2018 8:37:25 AM